1527

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA   )
                          )
          v.          )   Criminal No. 10-234
                          )
MARK JULIANO           )

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Soo C. Song, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I.  THE INDICTMENT

A Federal Grand Jury returned a one-count Indictment against the above-named defendant for alleged violations of federal law:



| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Interstate Stalking<br>In and around August<br>2010, until on or about<br>December 8, 2010 | 18 U.S.C. § 2261A(2) |

### II.  ELEMENTS OF THE OFFENSE

A.  As to Count 1:

In order for the crime of Interstate Stalking, in violation of 18 U.S.C. § 2261A(2), to be established, the

government must prove all of the following essential elements beyond a reasonable doubt:

      1.   The defendant used the mail, any interactive computer service, or any facility of interstate or foreign commerce to engage in a course of conduct;

> United States v. Bowker, 372 F.3d 365, 388
> (6th Cir. 2004); 18 U.S.C. § 2261A(2).

      2.   That caused substantial emotional distress to another person or placed that person in reasonable fear of death, or serious bodily injury to that person or a member of the immediate family;

> United States v. Bowker, 372 F.3d 365, 388
> (6th Cir. 2004); 18 U.S.C. § 2261A(2).

      3.   With the intent to kill, injure or harass another person; or, cause substantial emotional distress to another person and/or with the intent to place in reasonable fear of death, or serious bodily injury to another person or a member of the immediate family.

      4.   That person was in another State or within the maritime and territorial jurisdiction of the United States.

> United States v. Bowker, 372 F.3d 365, 388
> (6th Cir. 2004); 18 U.S.C. § 2261A(2).

### III.  PENALTIES

A.  As to Count 1:  Interstate Stalking, 18 U.S.C. § 2261A(2):

      1.   A term of imprisonment of not more than five (5) years.  If the stalking occurs in violation of a protection order,

the term of imprisonment is not less than one year, and not more than five (5) years. 18 U.S.C. §§ 2261(b)(6), 2261(b)(5).

      2.   A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

      3.   A term of supervised release of three (3) years.

### IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V.  RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 2264, 3663, 3663A, and 3664.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney


SOO C. SONG
Assistant U.S. Attorney
DC ID No. 457268